

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00160-CV

_____

IN THE INTEREST OF H.F., A CHILD

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 25-6031-467

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In this ultra-accelerated appeal,[1] Appellant A.W. (Mother)[2] appeals the trial court's order terminating her parent–child relationship with her daughter H.F. (Daughter).[3] The trial court found that the Department of Family and Protective Services (the Department) had proved two conduct-based grounds for termination of Mother's parental rights and that termination was in Daughter's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (b)(2). The trial court awarded permanent managing conservatorship of Daughter to the Department. Mother timely appealed.

### II. BACKGROUND

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is "frivolous pursuant to *Anders v. California*." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583,

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate courts to dispose of appeals from judgments terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]To protect the child's identity, we refer to her and her parents by their familial relationship. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[3]In that same order, the trial court also terminated the parental rights of Daughter's father, C.F. (Father). No appeal has been filed on Father's behalf.

at \*2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.

We provided Mother the opportunity to obtain a copy of the appellate record and to file a pro se response, and she did so, but her pro se response presents no arguable appellate grounds.[4] The Department has declined to file a responsive brief.

---

[4]In her response, Mother raises (without citing to the record) certain general complaints regarding the trial evidence, the fairness of the proceedings, and her ability to complete services. Under argument headings titled "Delayed Services and the Impact of Reunification" and "Accountability and Evidence of Progress," Mother argues that she has made recent progress toward sobriety and that the trial court seemed to place more emphasis on her substance abuse than on her recovery and reunification efforts. As to her alleged progress toward sobriety, the record reflects that Daughter was removed in June 2025 after testing positive for methamphetamine; Mother tested positive at that same time; Mother signed an acknowledgment that same month admitting to using methamphetamine while Daughter was at home; Mother continued testing positive for drugs while the case was pending, testing positive in July 2025, August 2025, October 2025, and January 2026; Mother did not attend requested drug testing in September 2025, October 2025, and December 2025; and Mother pled the Fifth Amendment to a question asking whether she had used drugs since December 2025. As to her attempts to complete services, the record shows that Mother was discharged from one of her services—therapy—for nonattendance; that she was homeless at the time of trial; and that she had been unemployed for around five months.

Under an argument heading titled "Accuracy and Reliability of Evidence Presented to the Court," Mother argues that she "possesses records, communications, and testing documentation" to demonstrate that her failures to complete drug testing were due to "identification-related obstacles" rather than her refusal to take the tests. But that alleged evidence was not admitted at trial, and thus, we cannot consider it in our review. *See In re D.L.W.W.*, 617 S.W.3d 64, 92 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("The only evidence that can support the trial court's [termination]

3

Appellees S.B. and C.B.—who had intervened in the trial court—also declined to file a responsive brief.

## III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief, Mother's pro se response, and the appellate record. Having found no reversible error, we agree with counsel

---

order is the evidence admitted at trial."). Under an argument heading titled "Fairness of the Proceedings and Representation," Mother argues that "[t]he record raises concerns regarding whether disputed facts and inaccuracies were meaningfully challenged during the proceedings." But she does not identify the alleged "disputed facts and inaccuracies" she is complaining of. She also contends that she "has become aware that the presiding judge and prosecuting attorney may have had a professional relationship outside of this matter." Yet she does not point to any evidence to substantiate that allegation, and notably, she acknowledges that she "does not allege misconduct."

In her prayer, Mother asks that we conduct an independent review of the record. We have done so. After a full review of Mother's potential complaints and the record, we have found no arguable basis on which to reverse the trial court's judgment.

4

that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Mother and Daughter.

In counsel's prayer for relief, she requested permission to withdraw as Mother's appellate counsel, but the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, we deny counsel's request to withdraw; counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved of those duties. *See P.M.*, 520 S.W.3d at 27–28; *In re L.B.*, No. 02-25-00083-CV, 2025 WL 1909329, at *2 (Tex. App.—Fort Worth July 10, 2025, no pet.) (mem. op.); *see also* Tex. Fam. Code § 107.016(2)(C).

## IV. CONCLUSION

We agree with Mother's counsel that Mother's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: July 30, 2026

5